(37 Misc. Rep. 756.)

### HALL v. WHITON.

(City Court of New York, General Term. April, 1902.)

.ACTION ON NOTE—DIRECTING VERDICT.

In an action on a note against the maker, it appeared that it had been transferred to a second indorser to hold as collateral, and that both indorsers, some two months after maturity, entered into an agreement as to the disposition of the proceeds. The holder alleged that he bought the note of the second indorser for 70 per cent. of its face value before maturity. *Held*, that he must show affirmatively that he was a bona fide holder for value, and that, in the absence of such showing, the direction of a verdict for plaintiff was erroneous.

Hascall, J., dissenting.

Appeal from trial term.

Action by Charles A. Hall against Caroline W. Whiton on a note for $1,750, payable in four months. From a judgment rendered on the direction of a verdict for plaintiff, and from an order denying a new ·trial, defendant appeals. Reversed.

The note was indorsed in blank successively by L. C. Whiton, Elmer E. Cooley, and C. A. Hall, the plaintiff. The memorandum as to the proceeds of the note, referred to in the opinion, was as follows:

"At the time the note for $1,750.00 made by Caroline W. Whiton to the order of Louis C. Whiton was delivered to Elmer E. Cooley, to wit, on or about the 6th day of July, 1900, it was understood between the said Cooley and the said Louis C. Whiton that if the said sum of $1,750.00 were paid before the debt secured by a mortgage made by Ira L. Willits to Agnes Patterson, and guarantied by Louis C. Whiton, was paid, then the sum of ·$850.90 should be held by Elmer E. Cooley, and any deficiency that might arise upon the sale of the said mortgaged premises should be paid out of the said sum of $850.90, and the surplus returned to the said L. C. Whiton or Caroline W. Whiton, and, if the said mortgage was paid before the said note was paid, then the net amount realized upon the said mortgage, less ·disbursements not taxable, was to be deducted from the amount of the said ·note. The said note having been sold by Elmer E. Cooley, and it not having been paid, Elmer E. Cooley hereby agrees to carry into effect the foregoing .understanding as soon as said mortgage and said note are paid.

"Dated December 26, 1900.      L. C. Whiton.
"Elmer E. Cooley."

Argued before McCARTHY, DELEHANTY, and HASCALL, JJ.

John Freeman Baker, for appellant.
Francis B. Elgas, for respondent.

McCARTHY, J.   The action was brought upon a promissory note made by the defendant, Caroline W. Whiton, to the order of one L. C. Whiton, and by him given to one Elmer E. Cooley as security for a pre-existing debt of $700, and to secure a guaranty of a mortgage for some $650, and which note thereafter, it is claimed, came into possession of plaintiff.   It appears by the evidence that the note was to be held as collateral security, and that Cooley was simply to hold the note for the indebtedness that then existed.   A few days before the maturity of the note, Cooley delivered the same to the plaintiff, an employé of the Lakewood Trust Company, who gave a draft for $1,200 on the Lakewood Trust Company to Cooley, for which plaintiff gave his check, although it did not appear if the draft was ever paid.   Over two months after the maturity of the note, and subsequent to its transfer to the plaintiff, both Cooley and Whiton signed a memorandum as to the proceeds of the note, which memorandum appears in evidence.   On motion the trial justice struck out all testimony of both Whiton and Mathews as to the limitations placed on the note, and also held that there was no question for the jury as to whether or not the plaintiff was a bona fide holder for value, and directed a verdict for the plaintiff for the full amount of the note in suit.

We think it was incumbent in this case upon the plaintiff to show that he was a bona fide holder for value, and the burden of proof in that respect was upon him.   American Exch. Nat. Bank v. New York Belting & Packing Co., 148 N. Y. 698, 43 N. E. 168; Nickerson v. Ruger, 76 N. Y. 282; Bank v. Noxon, 45 N. Y. 762.   Upon the testimony as it appears in the record, we are of opinion that the learned trial justice erred in refusing to submit the question to the jury as to whether or not the plaintiff held the note sued upon for value, or became a bona fide holder thereof, as the circumstances attending the procurement of the note by the plaintiff, and all the transactions surrounding the same, were all proper subjects to be inquired into, and to be left to the jury for their determination.   Vosburgh v. Diefendorf, 119 N. Y. 360, 23 N. E. 801, 16 Am. St. Rep. 836.   And as was recently held in this department in the case of Cahen v. Everitt, 67 App. Div. 89, 73 N. Y. Supp. 549, by Patterson, J., it is neither possible nor necessary to lay down a general rule as to what constitutes bad faith, but here we are impressed by the evidence that the case should have gone to the jury on that subject; and from the testimony as to what plaintiff gave for the note, and the circumstances under which he acquired it, and as an interested party, his credibility was for the jury.   These remarks of Mr. Justice Patterson in the case supra can well be applied to the case at bar.

We are bound by the record in this case, and therein we find an order duly entered denying the motion for a new trial, made upon

all the grounds stated in section 999 of the Code; and, said order being also appealed from, we have the undoubted right to review all the facts, as well as the exceptions taken upon the trial. Bank v. Clark, 42 Hun, 90; Matthews v. Meyberg, 63 N. Y. 656.

Taking the evidence as given on the trial in its most favorable light towards plaintiff, we think the defendant had the right, in view of the fact that said note was not to be sold or assigned until certain events happened as stated in the agreement in evidence, to have the question determined by the jury as to whether or not the plaintiff became a bona fide holder thereof for value, and that the direction of a verdict for the plaintiff in this respect was error. For the reasons stated, the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

DELEHANTY, J., concurs. HASCALL, J., dissents.